UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS S. HARRIS,

    Plaintiff,

v.

    Civil Case No. 19-10848
    Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION [ECF NO. 26]; (2) ADOPTING MAGISTRATE JUDGE'S JUNE 2, 2020 REPORT AND RECOMMENDATION [ECF NO. 25]; (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 19]; (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 22]; AND (5) AFFIRMING DEFENDANT'S DECISION**

On March 22, 2019, Plaintiff Carlos S. Harris filed this lawsuit challenging the Commissioner of Social Security's ("Commissioner") final decision denying Plaintiff's application for social security benefits under the Social Security Act. (ECF No. 2.)  This Court referred the matter to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. §636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C.

§ 636(b)(1)(B) and (C).  (ECF No. 3.)  The parties subsequently filed cross-motions for summary judgment.  (ECF Nos. 19, 22.)

On June 26, 2020, Magistrate Judge Stafford issued an R&R recommending that this Court grant the Commissioner's motion and deny Plaintiff's motion. (ECF No. 25.)  In the R&R, Magistrate Judge Stafford rejects Plaintiff's arguments that (i) the administrative law judge ("ALJ") erred by rejecting Plaintiff's claim that his alleged impairments of migraine headaches, chest pain and depressive disorder were severe; (ii) the ALJ erred in determining that Plaintiff and his wife were not "credible" regarding the extent, severity, and chronicity of his impairments; (iii) the ALJ erred in finding that Plaintiff's degenerative joint disease of both knees failed to meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments; (iv) the ALJ's decision to give little weight to Dr. Jessica Neuroth's opinion was not supported by substantial evidence; (v) the ALJ's residual functional capacity ("RFC") determination was not supported by substantial evidence; and (vi) updated medical records regarding a total knee replacement necessitates remand under the "new and material" evidence standard.  (*Id.* at Pg. ID 1194, 1196-98, 1203-07.)

At the conclusion of the R&R, Magistrate Judge Stafford advises the parties that they may object to and seek review of the R&R within 14 days of service upon

them.  (*Id.* at Pg. ID 1210-11.)  Plaintiff lodged 14 objections.  (ECF No. 26.)  The Commissioner responded to each.  (ECF No. 27.)

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the magistrate judge's R&R to which a party has filed "specific objection[s]" in a timely manner. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  A general objection or one that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Washington v. Jenkins*, 2015 WL 5729148, at *4 (E.D. Mich. Sept. 30, 2015) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

## ANALYSIS

### Objection 1

Plaintiff argues that Magistrate Judge Stafford erred by "fail[ing] to point out that at Step Five, the burden of proof shifts from the Plaintiff to the Defendant" and failing to apply the "substantial evidence" standard of proof.  (ECF No. 26 at Pg. ID 1213.)  This objection is without merit because the R&R details when the burden of proof shifts and includes an application of the "substantial evidence" standard.  (*See* ECF No. 25 at Pg. ID 1186, 1189, 1191).

3

*Objection 2*

Plaintiff states that Magistrate Judge Stafford "ignored or gave short shrift to the medical evidence set forth in the Statement of Facts" when analyzing Plaintiff's first four arguments. (ECF No. 26 at Pg. ID 1213-15.) Even assuming that Plaintiff appropriately cited to the relevant medical evidence in his initial brief (which Plaintiff's brief suggests is not the case), each of the four pieces of medical evidence Plaintiff cites in support of this objection—Dr. Neuroth's narrative report, the November 8, 2012 imaging studies from St. Joseph Hospital's Radiology Department, the August 19, 2015 x-rays from Aurora Health Center, and "multiple clinical examinations"—were discussed by Magistrate Judge Stafford in her analysis. (*See* ECF No. 25 at Pg. ID 1196-1201, 1203, 1205.) And Plaintiff does not explain how the R&R gives "short shrift" to this evidence. Accordingly, this objection is without merit.

*Objection 3*

Plaintiff also contends that Magistrate Judge Stafford erred "in characterizing undersigned counsel's brief as addressing issues raised 'in a perfunctory manner'" and "in arguing that the issues were analyzed in a 'most skeletal way, leaving the court to . . . put flesh on its bones.'" (ECF No. 26 at Pg. ID 1215-16.) The Court rejects this objection because it is general.

*Objections 4 & 5*

Plaintiff contends that Magistrate Judge Stafford erred in holding that the ALJ properly found that his non-cardiac chest pain did not amount to a "severe impairment." (*See id.* at Pg. ID 1217-18, 1220-21.) Plaintiff fails to substantively address Magistrate Judge Stafford's conclusion that he failed to "put[] any flesh on the bones of his claim that his . . . chest pains . . . significantly limit his ability to perform basic work activities" and failed to "show[] that any error at step two was legally relevant" considering that the ALJ found that other impairments were severe. (*See* ECF No. 25 at Pg. ID 1194.) While Plaintiff argues that Magistrate Judge Stafford "fails to elucidate us by citing precisely where the ALJ was supposed to have analyzed the medical evidence of his . . . chest pain and how it would impact the RFC assessment," (ECF No. 26 at Pg. ID 1221), Plaintiff bears the burden of proof throughout the first four steps—not the magistrate judge. Accordingly, the Court rejects these objections.

*Objections 6 & 7*

Plaintiff claims Magistrate Judge Stafford erred by finding that he did not meet the requirements of Listing 1.02A. In Objection 6, Plaintiff points out that Magistrate Judge Stafford omitted the word "generally" from the definition of "ineffective ambulation" (which is one of the requirements of Listing 1.02A), "thereby effectively altering the meaning and input of the definition." (*Id.* at Pg.

ID 1221-22.) Plaintiff argues that his inability "to walk a block at a reasonable pace on rough or uneven surfaces" and "to climb a few steps at a reasonable pace with the use of a single handrail" met the criteria for ineffective ambulation. (*Id.*) Even assuming this particular argument is not waived (as Magistrate Judge Stafford found), Plaintiff does not explain how the inclusion of the word "generally" should impact the Court's interpretation of "ineffective ambulation" or how it pertains to the facts at hand.

Moreover, as to Objection 7, Plaintiff does not address the case cited by Magistrate Judge Stafford in which the court found that use of a single cane to ambulate does not satisfy the definition of "ineffective ambulation." (*See* ECF No. 25 at Pg. ID 1198 (citing *Collins v. Comm'r of Soc. Sec.*, No. 18-CV-12401, 2019 WL 3421696, at *5 (E.D. Mich. June 30, 2019), adopted in, 2019 WL 3412744 (E.D. Mich. July 29, 2019))); *see also Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (rejecting plaintiff's argument that his impairments met or equaled Listing 1.02 where "[t]he record show[ed] that [he] used one cane at most [and] often went without"). It appears Plaintiff disagrees with Magistrate Judge Stafford's conclusion but, as explained above, mere disagreement does not make an objection valid. Accordingly, the Court rejects these objections.

*Objections 8, 9, & 10*

In Objections 8, 9, and 10, Plaintiff argues, in sum, that Magistrate Judge Stafford erred by holding that the ALJ's decision to give little weight to Dr. Neuroth's opinion was supported by substantial evidence and was not in violation of the "Treating Physician Rule." (ECF No. 26 at Pg. ID 1223-28). Plaintiff concedes that "the ALJ must give a treating physician's opinion controlling weight *if it* . . . is not inconsistent with the other substantial evidence in the case record." (*Id.* at Pg. ID 1224 (emphasis added).)

Here, the ALJ found that Dr. Neuroth's opinion was inconsistent with other substantial record evidence. (*See* ECF No. 25 at Pg. ID 1201.) While Plaintiff appears to concede that the court may not reweigh the evidence in order to find that he his disabled, (ECF No. 26 at Pg. ID 1228), Plaintiff does not explain how the relief he now requests does not require reweighing evidence. Accordingly, the Court rejects Objection 10, as well as Objection 9 in which Plaintiff argues that Magistrate Judge Stafford erred when concluding that Dr. Neuroth's opinion was not consistent with substantial evidence. (*See id.* at Pg. ID 1226-28.) In Objection 8, Plaintiff objects to Magistrate Judge Stafford's conclusion that Dr. Neuroth's opinion was properly given little weight also because it provided predictions rather than the doctor's medical opinion. (*Id.* at Pg. ID 1223-26). However, because Magistrate Judge Stafford provided this as simply an alternative reason for

7

rejecting Dr. Neuroth's opinion—and the Court has found credence to the primary reason discussed—there is no reason to opine on whether Magistrate Judge Stafford erred.

### *Objection 11*

As to Objection 11, Plaintiff contends that Magistrate Judge Stafford erred in relying on *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988), "for the proposition that the level of severity of his bilateral knee conditions, the left worse than the right, 'do not alone show that Harris could not perform work within the assessed RFC.[']" (*Id.* at Pg. ID 1228.) Though Plaintiff contends that Magistrate Judge Stafford's reliance on *Higgs* was improper, Plaintiff does not explain why. Because Plaintiff does not "explain the source of the error," the Court rejects this objection. *See Washington*, 2015 WL 5729148, at *4 (quoting *Howard*, 932 F.2d at 509).

### *Objection 12*

In Objection 12, Plaintiff states that Magistrate Judge Stafford erred in determining that the testimony of Plaintiff and his wife "conflict[ed] with medical reports, the claimant's prior statements, the claimant's daily activities, and the other evidence in the record" because, "in reality, this testimony conflict[ed] with none of these things." (ECF No. 26 at Pg. ID 1229). This objection merely reiterates a previous argument and amounts to no more than a disagreement with

8

Magistrate Judge Stafford's conclusion that substantial evidence supports the ALJ's findings. *But see Washington*, 2015 WL 5729148, at *4 (emphasis added) (quoting *Howard*, 932 F.2d at 509).

### *Objection 13*

In Objection 13, Plaintiff contends that Magistrate Judge Stafford did not consider that "ALJ MacDonald's hypothetical questions carefully omit[ted] the true nature, extent, chronicity and severity of Plaintiff's conditions, and especially his bilateral knee dysfunction and chest pain. Nor does he take into account the effect that Plaintiff's severe pain would have on his ability to remain on task, to avoid excessive absenteeism, especially given the frequency of medical treatment." (ECF No. 26 at Pg. ID 1230.) But Plaintiff does not address Magistrate Judge Stafford's conclusion that he never "challenge[d] that the hypothetical question mirrored the RFC" and, "instead [] offered 'points' on why the RFC was not supported by substantial evidence." (ECF No. 25 at Pg. ID 1206.) Magistrate Judge Stafford correctly concluded that Plaintiff waived this argument by failing to challenge the hypothetical question. (*Id.* at Pg. ID 1206-07.)

### *Objection 14*

In Objection 14, Plaintiff states that Magistrate Judge Stafford "err[ed] in refusing to allow a Sentence Six remand for inclusion of new and additional evidence in the form of Dr. Render's June 2018 left total knee replacement and

9

after care." (ECF No. 26 at Pg. ID 1231.) Plaintiff points out that Magistrate Judge Stafford concluded the medical evidence was new, but ultimately found it was not material. (*Id.*) Plaintiff does not address Magistrate Judge Stafford's reasoning that "the ALJ did not question that Harris had severe knee impairments that affected his ability to perform many activities" and that "Dr. Render's post-operative report corroborates that Harris's knee impairments significantly limited his ability to perform work, but fails to prove that he could not work within his assessed RFC." (ECF No. 25 at Pg. ID 1209.) Accordingly, as explained in the R&R, Plaintiff fails to show that this new evidence is material because there is no suggestion that it would have changed the ALJ's RFC determination. (*Id.* at Pg. ID 1210); *see also Washington*, 2015 WL 5729148, at *4 (emphasis added) (quoting *Howard*, 932 F.2d at 509).

## CONCLUSION

The Court has carefully reviewed the R&R and, for the foregoing reasons, concurs with the conclusions reached by Magistrate Judge Stafford. The Court therefore rejects Plaintiff's objections and adopts the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 19) is **DENIED**.

10

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's decision finding Plaintiff not disabled under the Social Security Act is **AFFIRMED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 28, 2020